### BESSIE SALVAS v. WILLIAM RAPP AND OTHERS.[1]

November 9, 1928.

No. 26,990.

Complaint stated cause of action against members of welfare board for money payable for support of an illegitimate child.

The complaint alleged that one of the defendants was adjudged the father of an illegitimate child and was directed to pay certain sums for its support to a child welfare board; that the board agreed to pay such sums as were paid to it to the plaintiff for boarding and caring for the child; that the defendant paid certain sums to the board; and that the board refused to pay the plaintiff. *Held* that the complaint stated a cause of action.

Plaintiff appealed from an order of the district court for Ramsey county, Bechhoefer, J. sustaining a demurrer to her complaint. Reversed.

*Charles S. Hoff* and *F. A. Pike,* for appellant.
*R. A. MacDonald* and *Charles L. Hayes,* for respondents.

[1]Reported in 221 N. W. 719.

DIBELL, J.

The plaintiff appeals from an order sustaining a demurrer to her complaint.

The defendant Rapp was the father of an illegitimate child. On March 9, 1923, Rapp was adjudged by the Ramsey county district court to be the father of the child and adjudged to pay $12 a month to the defendants constituting the Ramsey county child welfare board for its care and maintenance. The plaintiff entered into a contract with the board to care for the child at her home for $12 per month out of such funds as the board should afterwards receive from Rapp. The plaintiff performed her part of the contract. The board refused to pay. It is alleged that there is a sum in the possession of the board, paid by Rapp for the support of the child, and that the defendants refuse to pay or to disclose the amount.

The court is authorized to make an order directing one adjudged to be the father of an illegitimate child to pay the support money to the state board of control or to the county child welfare board or to a duly appointed guardian. G. S. 1923, § 3265. It directed the payment to the board. There is a suggestion in the briefs that there should be a guardian appointed before relief can be granted in this action. The money to be paid is for the services of the plaintiff. It belongs to her. The child is not to have it. It is not to be kept for it. A guardian cannot receive it and one is not needed. If the facts are as stated in the complaint the plaintiff is entitled to relief.

Order reversed.